**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CITY OF LEAVENWORTH, KANSAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:25-cv-4032** |
| | ) | |
| **CORECIVIC, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR TEMPORARY**
**RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, plaintiff the City of Leavenworth, Kansas (the "City") moves the Court for a temporary restraining order and a preliminary injunction enjoining defendant CoreCivic, Inc. from using the property it owns at 100 Highway Terrace, Leavenworth, Kansas (the Property), as a jail or prison without first applying for and obtaining a special use permit from the City.

The City's Development Regulations serve as the City's zoning code and have been adopted by the Leavenworth City Commission to protect the health, safety, and economic development of the City and its residents. Since 2012, the Development Regulations have required anyone who wishes to operate a jail or prison within the City to do so only pursuant to a special use permit issued by the City Commission.

CoreCivic has declared its intention to operate a detention facility on the Property pursuant to a contract with Immigration and Customs Enforcement without first obtaining a special use permit. CoreCivic claims it can do so because it <u>formerly</u> used the Property as a detention center under an agreement with the United States Marshals Service, and because its use of the Property <u>then</u> was "grandfathered" by the City. But the City's Development Regulations provide that once a property owner ceases a special use for more than 12 months, the City Commission may rescind

the special use authorization. CoreCivic stopped using the Property as a detention center more than three years ago, and the City Commission has rescinded its special use authorization. CoreCivic must therefore go through the City's permitting process before it can resume using the Property as a jail or prison.

The City is filing a memorandum in support of this motion. Counsel for the City intends to give CoreCivic notice of this motion and will determine whether CoreCivic will agree not to use the Property as a jail or prison until the Court can hear the parties and rule on the City's motion for a preliminary injunction.

SPENCER FANE LLP

/s/ David E. Waters _____
David E. Waters          KS #20773
Caleb P. Phillips        KS #26226
6201 College Boulevard, Suite 500
Overland Park, KS 66211
(913) 345-8100 (telephone)
(913) 345-0736 (fascimile)
dwaters@spencerfane.com
cphillips@spencerfane.com

W. Joseph Hatley         KS #12929
Angus W. Dwyer           KS #26995
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100 (telephone)
(816) 474-3216 (facsimile)
jhatley@spencerfane.com
adwyer@spencerfane.com

ATTORNEYS FOR PLAINTIFF CITY OF LEAVENWORTH, KANSAS

2