IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CITY OF LEAVENWORTH, KANSAS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CORECIVIC, INC.,** )<br>)<br>**Defendant.** ) | <br><br><br><br>Case No. 25-cv-02169-TC-BGS |

### PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65, plaintiff the City of Leavenworth, Kansas (the "City") moves the Court for a preliminary injunction enjoining defendant CoreCivic, Inc. from using the property it owns at 100 Highway Terrace, Leavenworth, Kansas (the Property), as a jail or prison without first applying for and obtaining a special use permit from the City.

The City's Development Regulations serve as the City's zoning code and have been adopted by the Leavenworth City Commission to protect the health, safety, and economic development of the City and its residents. Since 2012, the Development Regulations have required anyone who wishes to operate a jail or prison within the City to do so only pursuant to a special use permit issued by the City Commission.

CoreCivic has declared its intention to operate a detention facility on the Property pursuant to a contract with Immigration and Customs Enforcement without first obtaining a special use permit. CoreCivic claims it can do so because it _formerly_ used the Property as a detention center under an agreement with the United States Marshals Service, and because its use of the Property _then_ was "grandfathered" by the City. But the City's Development Regulations provide that once a property owner ceases a special use for more than 12 months, the City Commission may rescind the special use authorization. CoreCivic stopped using the Property as a detention center more than

three years ago, and the City Commission has rescinded its special use authorization. CoreCivic must therefore go through the City's permitting process before it can resume using the Property as a jail or prison.

For purposes of clarifying the record, the parties' April 14, 2025 stipulation (Doc. 8) was not intended to serve as a withdrawal of the City's motion for a preliminary injunction; its purpose was to advise the Court that given CoreCivic's agreement not to house detainees on its Leavenworth property before June 1, 2025, there was no need for an emergency hearing on the City's motion for a temporary restraining order. The City did not intend the parties' stipulation to moot the City's motion for a preliminary injunction. However, in light of the Court's statements at the April 23, 2025 status conference, the City is renewing or refiling its motion for preliminary injunction.

The City is filing a memorandum in support of this motion that is substantially similar to the memorandum it filed in support of its earlier motion, but without references to a request for a temporary restraining order. The City's memorandum in support also addresses other issues raised by the Court at the April 23, 2025 status conference.

OP 4081497.2

SPENCER FANE LLP

/s/ W. Joseph Hatley
David E. Waters            KS #20773
Caleb P. Phillips          KS #26226
6201 College Boulevard, Suite 500
Overland Park, KS 66211
(913) 345-8100 (telephone)
(913) 345-0736 (fascimile)
dwaters@spencerfane.com
cphillips@spencerfane.com

W. Joseph Hatley           KS #12929
Angus W. Dwyer             KS #26995
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100 (telephone)
(816) 474-3216 (facsimile)
jhatley@spencerfane.com
adwyer@spencerfane.com

ATTORNEYS FOR PLAINTIFF CITY OF LEAVENWORTH, KANSAS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2025, I filed this document utilizing this Court's electronic filing system, which will automatically transmit notice of the foregoing to all CM/ECF users.

/s/ W. Joseph Hatley
Attorney for Defendant