IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CITY OF LEAVENWORTH, KANSAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:25-cv-02169-TC-BGS |
| CORECIVIC, INC., | ) |
| Defendant. | ) |

**DEFENDANT CORECIVIC, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant CoreCivic, Inc. ("CoreCivic") moves to dismiss Plaintiff the City of Leavenworth, Kansas's (the "City") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The City fails to state a claim upon which relief may be granted because it fails to state a valid cause of action that would empower the Court to issue declaratory judgment or grant injunctive relief. Declaratory judgment and injunctive relief are both remedies. They are not causes of action. *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006). Nor do they extend the jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950)). Instead, the power to issue declaratory relief must lie in some independent basis of jurisdiction. *Prier*, 456 F.3d at 1212. The Court should dismiss the City's Complaint for this reason alone.

But even assuming the City had asserted a valid cause of action, the City's request that the Court declare that "CoreCivic must apply for and obtain a special use permit . . . prior to housing any detainees" is not supported by the plain language of the City's Development Regulations. The interpretation of an ordinance is a question of law. *Neodesha v. BP Corp. N. Am.*, 176 F.Supp.3d 1233, 1239 (D. Kan. 2016); *Wichita v. Griffie*, 544 P.3d 776, 786 (Kan. 2024) ("Our court applies

1

the same rules to interpreting a municipal ordinance as we would when interpreting a statute."). And, consistent with fundamental principles of statutory construction, when an ordinance is plain and unambiguous, a court must give effect to that plain and unambiguous language. *Id.* Here, the plain and unambiguous language in the City's Development Regulations confirms that CoreCivic's use of its property as a detention center is both a "lawful conforming use" and an "existing special use." The Development Regulations provide no mechanism to rescind or revoke this status.

Further, there is no factual or reasonable basis from which this Court could conclude that CoreCivic abandoned its nearly 30-year use of the property as a detention center—an issue the City concedes is a thresholding showing necessary to support its theory of the case. But even if the City could satisfy this threshold showing, it still fails to allege a valid revocation of CoreCivic's special use because it does not allege any facts alleging notice or a public hearing, as required by both the Development Regulations and due process. The City's attempted revocation was therefore invalid, and CoreCivic's use of its property as a detention center remains a lawful conforming and existing special use.

Finally, the City's effort to interfere with the federal government's ability to house civil immigration detainees at CoreCivic's MRRC facility vis-à-vis its Development Regulations violates the Supremacy Clause of the United States Constitution. The City's conduct is invalid and unenforceable for this additional reason.

For these reasons and the reasons set forth in more detail in CoreCivic's Memorandum in Support, filed contemporaneously herewith, CoreCivic respectfully requests the Court dismiss the City's Complaint in its entirety, with prejudice.

Dated: May 9, 2025    Respectfully submitted,

/s/ Taylor Concannon Hausmann
Taylor Concannon Hausmann    KS #26668
Sara A. Fevurly    KS #27537
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
T: 816.983.8000
F: 816.983.8080
Taylor.Hausmann@HuschBlackwell.com
Sara.Fevurly@HuschBlackwell.com

**ATTORNEYS FOR DEFENDANT CORECIVIC, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 9, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Taylor Concannon Hausmann
Attorney