**In the United States District Court
for the District of Kansas**

---

Case No. 25-cv-02169-TC-BGS

---

CITY OF LEAVENWORTH, KANSAS,

*Plaintiff*

v.

CORECIVIC, INC.,

*Defendant*

---

**MEMORANDUM AND ORDER**

    The City of Leavenworth, Kansas, filed this suit against CoreCivic, Inc., seeking declaratory and injunctive relief based on its assertion that CoreCivic is (or may soon be) operating a detention facility in violation of local ordinances that require a special use permit. Doc. 1. The City has filed a motion for the entry of a preliminary injunction, Doc. 12, and CoreCivic filed a motion to dismiss for failure to state a claim upon which relief may be granted. Doc. 24. For the following reasons, this case is dismissed for lack of subject-matter jurisdiction, and, as a result, the parties' motions are denied as moot.

**I**

**A**

    There are two pending motions concerning the merits of this dispute, Docs. 12 & 24, each with its own legal standard. *See generally Harmon v. City of Norman*, 981 F.3d 1141, 1146 (10th Cir. 2020) (citing *Benisek v. Lamone*, 585 U.S. 155, 158 (2018)) (stating preliminary injunction standard); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (stating motion to dismiss standard). In many instances, those inquiries are related. *See, e.g., Petrella v. Brownback*, 787 F.3d 1242, 1255 (10th Cir. 2015) (discussing the interrelated inquiries concerning resolution of a pending motion for preliminary injunction

and a motion to dismiss). But each presumes the existence of subject-matter jurisdiction, which is a non-waivable requirement that must be satisfied before a federal court may address the merits of the parties' respective positions. *See Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) (noting that a federal court "can't 'assume' a plaintiff has demonstrated Article III standing in order to proceed to the merits of the underlying claim"); *see also New Mexico v. Trujillo*, 813 F.3d 1308, 1317 n.2 (10th Cir. 2016) (noting that parties cannot confer federal courts with subject-matter jurisdiction by consent).

Article III confines the federal judicial power to "Cases" and "Controversies." *See* U.S. CONST. art. III, § 2, cl. 1; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Congress may and has further narrowed federal courts' subject-matter jurisdiction. *See Sheldon v. Sill*, 49 U.S. 441, 449 (1850). The party invoking federal jurisdiction "has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). A court that lacks jurisdiction "cannot render judgment." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (quotation marks omitted).

Generally speaking, federal district courts have original jurisdiction to hear a civil dispute in two circumstances. The first is known as federal question jurisdiction, where "federal law creates the cause of action asserted." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quotation marks omitted); *see* 28 U.S.C. § 1331. The second depends on diversity jurisdiction, which exists when a cause of action arising under state law involves completely diverse parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a); *Badgerow v. Walters*, 596 U.S. 1, 7, (2022).

Federal courts have an independent obligation to evaluate whether subject-matter jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). This is true even where, as here, no party has taken issue with the exercise of federal judicial power. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And courts "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (emphasis in original) (citation and quotation marks omitted); *accord* Fed. R. Civ. P. 12(h)(3). Indeed,

2

parties cannot confer federal courts with subject-matter jurisdiction by consent, waiver, or acquiescence. *Trujillo*, 813 F.3d at 1317 n.2.

**B**

CoreCivic is a corporation that operates jails and prisons. Doc. 1 at ¶ 3.[1] In 1992, it began to operate a detention facility at 100 Highway Terrace in Leavenworth, Kansas. *Id.* In 2012, the City enacted an ordinance that required a special use permit to operate a facility like CoreCivic's. *Id.* at ¶ 1. Because CoreCivic was already operating the facility when the City enacted the ordinance, the facility was grandfathered in as a nonconforming use. *Id.* at ¶ 5; *see generally* Christopher Serkin, *Existing Uses and the Limits of Land Use Regulations*, 84 N.Y.U. L. REV. 1222 (2009).

In 2021, CoreCivic stopped operating the facility. Doc. 1 at ¶ 3. Because it ceased operation for twelve months, CoreCivic lost the nonconforming use status and had to secure a special use permit to operate the facility again. *Id.* at 5. Presumably in recognition of this fact, CoreCivic applied for a special use permit for the facility in February 2025. *Id.* at ¶ 6. But a month later, CoreCivic withdrew its application. *Id.* at ¶ 7. It took the position that it does not need a special use permit. *Id.* at 7.

The City then filed this suit. Doc. 1. It specifically invoked diversity jurisdiction, asserting that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, in that the object of this suit for declaratory and injunctive relief, the [Defendant's detention facility], has a value of more than $75,000." *Id.* at ¶ 9. As intimated by that assertion of jurisdiction, it did not assert any traditional cause of action. Rather, the Complaint sought only a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that CoreCivic must secure a special use permit, Doc. 1 at 19–20, and an injunction prohibiting CoreCivic from operating the facility without a special use permit, *id.* at 20–22. Thereafter, the City filed a motion for a preliminary injunction. Doc. 12. And CoreCivic responded by not only opposing the requested injunction, but also by filing a motion to dismiss arguing,

---

[1] All references to the parties' briefs are to the page numbers assigned by CM/ECF.

among other things, that the City failed to plead a cause of action that would empower a federal court to grant any relief.[2] Doc. 24 at 1.

## II

The City asserts that Core Civic should be enjoined from operating its detention facility without the proper permit. But it has not pled facts to establish that subject-matter jurisdiction exists in federal court to consider that claim. Accordingly, this action is dismissed, and the parties' motions are denied as moot.

### A

The substantive dispute between the parties involves strong disagreements about the usage of the detention facility, which is important to the Leavenworth local community and perhaps others. And there are serious questions about whether the City has stated a claim, including by relying solely on the Declaratory Judgment Act without raising a valid cause of action. *See* Doc. 25 at 3–4. But given that the City fails to establish subject-matter jurisdiction, those issues cannot be considered.

As noted, the City invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 at ¶ 9. It asserts that diversity jurisdiction exists because "the City and CoreCivic are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000 . . . in that the object of this suit for declaratory and injunctive relief, the Property, has a value of more than $75,000." *Id.*

In most cases when determining whether the amount in controversy standard has been satisfied, the plaintiff's allegations control. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). To be credited, however, the allegation as to the sum or value must be plausible. *Id.* In many cases, the sum or value is plain. *See Interstate Med. Licensure Compact Comm'n v. Bowling*, 113 F.4th 1266, 1273 (10th Cir. 2024) (affirming the district court's finding that it had diversity jurisdiction when the complaint "included factual allegations that could have generated more than $75,000 in damages"). Yet in others, notably those seeking declaratory or injunctive relief, the sum or value is not

---

[2] An evidentiary hearing was held on May 20, 2025. Doc. 18; *see also* Doc. 36 (PowerPoint presentation that the City presented at the hearing).

4

so obvious. In cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (internal quotation marks omitted) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In *Hunt*, for example, the plaintiffs alleged that a state statute unconstitutionally discriminated against interstate commerce and sought an order enjoining enforcement. *See* 432 U.S. at 335. The Supreme Court explained that the "object is the right" being pursued, and the "value of that right" was to be measured by the losses that will follow if the statute were to be enforced. *Id.* at 347; *see also Lovell*, 466 F.3d at 897 (noting that the Tenth Circuit follows what has commonly been referred to as the "either viewpoint rule," which considers either the value of the suit to the plaintiff or the cost of compliance to the defendant).

The City fails to allege that the sum or value of the dispute exceeds $75,000 as required to establish diversity jurisdiction under Section 1332. In particular, unlike in many suits where there is a breach of contract or a common law tort claim in which damages are sought, the Complaint asserts no cause of action seeking any monetary damages.[3] Rather, the City only seeks injunctive and declaratory relief, asserting that the amount-in-controversy requirement is met because the property in question "has a value of more than $75,000." Doc. 1 at 4. But the property in question is the subject of this lawsuit, not the object—the object is declaratory and injunctive relief. *See Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *City of Moore v. Atchison, Topeka & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983)) ("[W]e look to 'the pecuniary effect an adverse declaration will have on either party to the lawsuit.'"). It matters not what the value of the real property is. *Lovell*, 466 F.3d at 897. None of the facts pled

---

[3] One may (and Core Civic does) reasonably argue that the City's claim must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because it fails to assert any valid cause of action. *See Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008) (declining to recognize a private cause of action in the Declaratory Judgment Act); *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) ("The DJA . . . does not create an independent cause of action."); *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) ("[The DJA] does not create an independent cause of action."); *see also* Doc. 25 at 3–4 (making this argument). But that is a dispute concerning the substantive merits, something federal courts may not consider in the absence of jurisdiction to do so. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016).

by the City permit a calculation of either the value of an injunction to the City or the cost of complying with an injunction to CoreCivic.

When pressed at the hearing to justify its reliance on that assertion for purposes of diversity jurisdiction, the City pointed to two cases, *Carter v. City of Salina*, 773 F.2d 251 (10th Cir. 1985), and *Sys. Material Handling Co. v. Greenstein*, No. 98-2578, 1999 WL 760454 (D. Kan. Aug. 13, 1999). These cases undermine the City's position because each involved a request for damages based on a recognized violation of substantive law.

In *Carter*, the plaintiffs, invoking diversity jurisdiction, sued the City of Salina, Utah, and expressly sought $90,000 in damages that the plaintiffs attributed to the City of Salina's enforcement of a zoning ordinance in violation of the right to due process of law. *Carter*, 773 F.2d at 252–54. That is meaningfully distinguishable from the City's request: The City does not assert any constitutional, statutory, or common law violation nor attempt to quantify the value of the violation or injunction being sought.

And far from supporting the City's argument, *Systems Material Handling* actually highlights the City's pleading deficiency. In that case, the plaintiff asserted that the defendant was likely to breach the parties' employment contract, and "[t]he record evidence establishes that the value to SMH of conducting its business free from the activity it seeks to enjoin is at least $1.2 million, which far exceeds the requisite minimum jurisdictional amount of $75,000." *Sys. Material Handling*, 1999 WL 760454, at *4. That is precisely the type of information that the City failed to allege. Without it there is no subject-matter jurisdiction, and the case must be dismissed. *See Siloam Springs Hotel*, 906 F.3d at 931 (noting that absent jurisdiction a court "cannot render judgment"); *Salzer*, 762 F.3d at 1134 (noting that the party invoking federal jurisdiction has the burden to establish its existence).

### III

For the foregoing reasons, the City of Leavenworth's Motion for a Preliminary Injunction, Doc. 12, is DENIED as moot, CoreCivic's Motion to Dismiss, Doc. 24, is DENIED as moot, and the case is DISMISSED.

It is so ordered.

Date: May 22, 2025                           s/ Toby Crouse
                                                     Toby Crouse
                                                     United States District Judge